## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | |
|---|---|
| **SCOTT A. WELLS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| **ZENITH ACQUISITION** | ) |
| **CORPORATION,** | ) |
| | ) Jury Trial Demanded |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I.   INTRODUCTION

1.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt.

### II.   JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.   Venue is proper in this District because Plaintiff resides here and Defendant transacts business here.

1

## III. PARTIES

4.   Plaintiff Scott A. Wells (hereinafter "Plaintiff") is a natural person who resides in Greene County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.   Defendant Zenith Acquisition Corporation (hereinafter "Defendant Zenith") is a for-profit corporation organized in Delaware, a debt buyer, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a registered foreign business entity doing business in Tennessee that lists CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

## IV. FACTUAL ALLEGATIONS

6.   Defendant Zenith has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card debt allegedly owed and/or serviced at one time by Capital One Bank USA, NA (hereinafter "Capital One").

7.   Defendant Zenith has also alleged that in March 2008, Plaintiff's alleged debt was consigned, placed, sold or otherwise transferred to Defendant

2

Zenith for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect this debt.

8.     On or about June 13, 2008, the law firm of Finkelstein Kern Steinberg & Cunningham (hereinafter "Cunningham") sent a letter dated June 13, 2008 which stated that Plaintiff owed North Star Capital Acquisition LLC (hereinafter "North Star") $884.18. A redacted copy of this letter is filed as Exhibit 1 to this Complaint.

9.     In response to a written dispute by Plaintiff that he owed a debt to North Star, on or about June 25, 2008, Cunningham sent a letter dated June 25, 2008, that validated the debt owed by Plaintiff to North Star in the amount of $891.15 and informed Plaintiff that the original creditor for the alleged debt was Capital One. A redacted copy of this letter is filed as Exhibit 2 to this Complaint.

10.    In further response to the dispute by Plaintiff, on or about August 27, 2008, Cunningham sent a letter dated August 27, 2008 that stated that the debt owed by Plaintiff to North Star was now $919.60 and provided with the letter an undated account statement from North Star and an account statement dated May 22, 2003 from Capital One, both of which stated that the amount due on

the account was $882.97. A redacted copy of this letter and statements is filed as Exhibit 3 to this Complaint.

11.  In approximately October 2008, a Civil Warrant and Affidavit were filed by in the name of against Plaintiff in the General Sessions Court of Greene County, Tennessee Case No. 08V2639. A redacted copy of the Civil Warrant and Affidavit are filed as Collective Exhibit 4 to this Complaint.

12.  Although the amount alleged to be owed by Plaintiff to North Star changed several times (see the letters from Cunningham in Exhibits 1, 2 and 3), the Civil Warrant and Affidavit was filed by Cunningham and North Star for the purpose of attempting to collect the debt they alleged was previously owed by the Plaintiff to Capital One and was now owned by North Star and the amount owed was $882.97.

### Plaintiff's April 24, 2009 TransUnion Credit Report

13.  In approximately April 2009, Plaintiff obtained a copy of his TransUnion credit report dated April 24, 2009 which, among other things, showed that Defendant Zenith was communicating to TransUnion that Plaintiff owed the alleged debt to Defendant Zenith.

14.  The reporting of the alleged debt to TransUnion by Defendant Zenith was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See Riveria v. Bank One*, 145 F.R.D. 614 (D. P.R.

4

1993); *accord Blanks v. Ford Motor Credit*, 2005 WL 43981, at \*3 (N.D. Tex. Jan. 7, 2005) (communicating information to credit reporting agency is a communication in connection with the collection of a debt); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004) (reporting debt is "in connection with" debt collection); *Sullivan v. TransUnion*, 2002 WL 799856, 2002 U.S. Dist. LEXIS 7884, at \*15, (E.D. Pa. April 19, 2002) (reporting a debt is a powerful collection tool); *Ditty v. Checkrite, Ltd.*, 973 F. Supp. 1320, 1331 (D. Utah 1997) (reporting bad check information to others is designed to give collector additional leverage over debtor); *In re Sommersdorf*, 139 B.R. 700, 701 (Bankr. S.D. Ohio 1991).

15. Upon information and belief, Defendant Zenith communicated to TransUnion from at least June 2008 until at least April 24, 2009 that the original creditor for the debt alleged to be owed to Defendant Zenith was Capital One.

16. Upon information and belief, Defendant Zenith communicated to TransUnion from at least June 2008 until at least April 24, 2009 that the alleged debt was owned by Defendant Zenith.

17. Upon information and belief, Defendant Zenith communicated to TransUnion from at least June 2008 until at least April 24, 2009 that the amount of the alleged debt owed to Defendant Zenith by Plaintiff was $1,989.00.

5

18. Upon information and belief, Defendant Zenith communicated TransUnion from at least June 2008 until at least April 24, 2009 that collection on the account started in March 2008.

19. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
> (A) the character, amount or legal status of any debt; . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

6

20. The FDCPA, 15 U.S.C. § 1692f, states:

> A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

21. By communicating to TransUnion during the year prior to the filing of this Complaint that the alleged debt was owned by Defendant Zenith, it violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and the communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

22. By communicating to TransUnion during the year prior to the filing of this Complaint that the amount of the alleged debt owed by Plaintiff to Defendant Zenith was $1,989.00, it violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character, amount and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of

15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

23.   By communicating to TransUnion during the year prior to the filing of this Complaint that that collection on the account started in March 2008 violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Plaintiff's May 6, 2009 Experian Credit Report*

24.   In approximately May 2009, Plaintiff obtained a copy of his Experian credit report dated May 6, 2009 which, among other things, showed that Defendant Zenith was communicating to Experian that Plaintiff owed the alleged debt to Defendant Zenith.

25.   The reporting of the alleged debt to Experian by Defendant Zenith was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See citations in paragraph 14 above.*

26.   Upon information and belief, Defendant Zenith communicated to Experian from at least June 2008 until at least May 6, 2009 that the original creditor for the debt alleged to be owed to Defendant Zenith was Capital One.

27.   Upon information and belief, Defendant Zenith communicated to Experian from at least June 2008 until at least May 6, 2009 that the alleged debt was owned by Defendant Zenith.

28.   Upon information and belief, Defendant Zenith communicated to Experian from at least June 2008 until at least May 6, 2009 that the account was opened in March 2008.

29.   Upon information and belief, Defendant Zenith communicated to Experian from at least June 2008 until at least May 6, 2009 that the credit limit or original amount of the alleged debt was $1,989.00.

30.   Upon information and belief, Defendant Zenith communicated to Experian from at least June 2008 until at least May 6, 2009 that the recent balance of the alleged debt as of June 2008 was $1,989.00.

31.   Upon information and belief, Defendant Zenith communicated to Experian from at least June 2008 until at least May 6, 2009 that the status of the account was that $1,989.00 was past due as of June 2008.

32.   The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)     The false representation of—

(A)     the character, amount or legal status of any debt; . . .

(8)     Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33.     The FDCPA, 15 U.S.C. § 1692f, states:

A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

34.     By communicating to Experian during the year prior to the filing of this Complaint that the alleged debt was owned by Defendant Zenith, it violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the

character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

35. By communicating to Experian during the year prior to the filing of this Complaint that the account was opened in March 2008, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

36. By communicating to Experian during the year prior to the filing of this Complaint that the credit limit or original amount of the alleged debt was $1,989.00, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character, amount and/or legal status of the debt and communication to any person credit information which is

known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

37. By communicating to Experian during the year prior to the filing of this Complaint that the recent balance of the alleged debt as of June 2008 was $1,989.00, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character, amount and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

38. By communicating to Experian during the year prior to the filing of this Complaint that the status of the account was that $1,989.00 was past due as of June 2008, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character, amount and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in

violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

*Plaintiff's May 18, 2009 Equifax Credit Report*

39. In approximately May 2009, Plaintiff obtained a copy of his Equifax credit report dated May 18, 2009 which, among other things, showed that Defendant Zenith was communicating to Equifax that Plaintiff owed the alleged debt to Capital One and that Defendant Zenith was a collection agency for Capital One.

40. The reporting of the alleged debt to Equifax by Defendant Zenith was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). *See citations in paragraph 14 above.*

41. Upon information and belief, Defendant Zenith communicated to Equifax from at least June 2008 until at least May 18, 2009 that the creditor for the alleged debt was Capital One.

42. Upon information and belief, Defendant Zenith communicated to Equifax from at least June 2008 until at least May 18, 2009 that collection on the account was first reported in June 2008.

43. Upon information and belief, Defendant Zenith communicated to Equifax from at least June 2008 until at least May 18, 2009 that the account was opened in March 2008.

44. Upon information and belief, Defendant Zenith communicated to Equifax from at least June 2008 until at least May 18, 2009 that the amount of the alleged debt when assigned by Capital One to Defendant Zenith in March 2008 was $1,989.00.

45. Upon information and belief, Defendant Zenith communicated to Equifax from at least June 2008 until at least May 18, 2009 that the date of the first delinquency was May 2003.

46. Upon information and belief, Defendant Zenith communicated to Equifax from at least June 2008 until at least May 18, 2009 that the balance of the alleged debt owed to Capital One as of June 2008 was $1,989.00.

47. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (2) The false representation of—
>
> (A) the character, amount or legal status of any debt; . . .
>
> (8) Communicating or threatening to communicate to any person credit information which is known or

which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

48. The FDCPA, 15 U.S.C. § 1692f, states:

A debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

49. By communicating to Equifax during the year prior to the filing of this Complaint that the creditor who owned the alleged debt was Capital One, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

50. By communicating to Equifax during the year prior to the filing of this Complaint that collection on the account was first reported in June 2008,

Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

51. By communicating to Equifax during the year prior to the filing of this Complaint that the account was opened in March 2008, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

52. By communicating to Equifax during the year prior to the filing of this Complaint that the amount of the alleged debt when assigned by Capital One to Defendant Zenith in March 2008 was $1,989.00, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the

character, amount and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

53. By communicating to Equifax during the year prior to the filing of this Complaint that the date of the first delinquency was May 2003, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character and/or legal status of the debt and communication to any person credit information which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

54. By communicating to Equifax during the year prior to the filing of this Complaint that the balance of the alleged debt owed to Capital One as of June 2008 was $1,989.00, Defendant Zenith violated 15 U.S.C. § 1692e(2)(A) and 1692e(8), and this false representation of the character, amount and/or legal status of the debt and communication to any person credit information

which is known or which should be known to be false, is a false, deceptive, or misleading means in connection with the collection of the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

### *Summary*

55.     The above-detailed conduct by the Defendant in an effort to collect the alleged debt, including, but not limited to the false deceptive and/or misleading representations as to the owner and amount of the alleged debt and communicating credit information to credit reporting agencies which is known or should be known to be false, was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### V.     **TRIAL BY JURY**

56.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## VI. CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

57. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

58. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

59. As a result of each and every Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

08/24/09                         Respectfully submitted,

SCOTT A. WELLS

Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
P. O. Box 1357
Morristown, TN 37816-1357
(423) 586-4300

20

## VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE**      )
**COUNTY OF GREENE**      )

Plaintiff Scott A. Wells, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: _8 - 20 - 09_      By: _Scott Wells_
                                        Scott A. Wells

Subscribed and sworn to before me this $\underline{20}$ day of August 2009.

_Lena Gail Carter_
Notary Public

TERESA GAIL CARTER
STATE
OF
TENNESSEE
NOTARY
PUBLIC
GREENE COUNTY